**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 04 -26778 |
| | ) | |
| Steven and Laurie Sharp | ) | Chapter 7 |
| | ) | |
| Debtors | ) | Hon. A. Benjamin Goldgar |

### APPLICATION FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE

Law Offices of Ilene F. Goldstein, Chartered ("IFG Chtd."), attorneys for Ilene F. Goldstein, Trustee, pursuant to § 331 of the United States Bankruptcy Code, requests the entry of an order authorizing and allowing an award of final compensation and reimbursement of expenses. In its application, IFG Chtd. requests compensation for services rendered during the period November 21, 2004 through March 27, 2009. For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $12,314.00 for 55.30 hours. IFG Chtd. also requests that the Court order, allow and direct payment to it of $566.45 for reimbursement of expenses incurred in connection with its legal services.

In support of its application, IFG Chtd. respectfully states as follows:

### BACKGROUND

1. On July 20, 2004, a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed by the Debtor.

2. Ms. Goldstein is the duly appointed, qualified and acting Trustee in this Chapter 7 case.

3. Through her administration and liquidation of the Estate, Trustee has generated over $128,000.00 in gross receipts and at least $80,000.00 of those funds are available to the Estate after payment to secured creditors and payment on interim fees to Counsel for the Trustee as well as the Accountant to the Trustee. Counsel for the Trustee pursued a sale of a substantial piece of real estate and monies held in a Trust Fund. The Trustee also researched legal issues that several creditors raised with the Trustee. The Trustee also sold jewelry and a timeshare.

## INTRODUCTION

4. Counsel for the Trustee assisted in the sale of a home for almost $50,000.00 and recovered by negotiations as to legal entitlement to the assets, funds from a Trust Fund securing for the Estate over $65,000.00. In addition counsel for the Trustee handled necessary routine matters and sold jewelry and a timeshare.

## RETENTION AND QUALIFICATION OF IFG CHTD.

5. On August 6, 2004 this Court entered an order authorizing the retention of Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee effective July 20, 2004. A true and correct copy of the order authorizing employment is available on the Court docket.

6. IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

## ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY

7. Pursuant to §§ 330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable. All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

There has been no duplication of services by members or associates of IFG Chtd. for which compensation is requested herein. In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved. IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals. IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed. However, IFG Chtd. professionals have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987). In those instances in which more than one task is contained within a time entry description, IFG Chtd. has specified within the time entry description the amount of time attributable to each individual task.

8. Itemized and detailed descriptions of the specific legal services rendered to Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing

statements attached hereto as Exhibit B. The billing statements set forth the initials of each attorney and the amount of time spent rendering each service, the day on which such service was rendered and a description of the nature of the services rendered. Also attached as part of Exhibit B is a summary of the fees and costs expended in each category of activity.

**ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY**

9. IFG Chtd. incurred expenses in the amount of $566.45 in connection with its representation of the Trustee during the period November 21, 2004 to March 27, 2009 for which it now requests reimbursement. IFG Chtd. maintained a system for recording expenses in a manner which complies with the requirements of In re Convent Guardian Corp., 103 BR 937 (Bankr. N.D. Ill. 1989). IFG Chtd. continued to undertake extraordinary efforts to attempt to manually input descriptions for document reproduction projects, messenger deliveries, overnight delivery services and facsimile transmittals in order to provide the greatest amount of detail for individual expense entries. An itemized breakdown of each of these expenses is included in the billing statements attached as Exhibit B. IFG Chtd. does not seek reimbursement for expenditures it has incurred in this case which constitute overhead, such as ordinary postage charges and secretarial charges. In re Adventist Living Centers, Inc., 137 BR 701. IFG Chtd. is seeking reimbursement primarily for expenses incurred for, among other things, document binding and reproduction charges, messenger charges and delivery charges that were incurred in the service of pleadings and mailing of notices to creditors and parties in interest. For documents, pleadings or correspondence which were delivered by messenger, telecopier or Federal Express as opposed to

delivery by first class mail, such expedited delivery was deemed absolutely necessary in the exercise of discretion by the responsible attorney in order to meet court deadlines or otherwise insure the efficient and orderly administration of services to the Trustee.

Notwithstanding the fact that a limited number of the expenses included in IFG Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses were actually incurred by IFG Chtd. and were necessary for the proper representation of the Trustee in this case. All the expenses incurred are specifically allocated to this case and do not represent general overhead or other expenses unrelated to this case.

## NATURE OF SERVICES PERFORMED BY IFG CHTD.

### Sale of Real Estate, Jewelry, Timeshare & Other Assets

10. Counsel for the Trustee conferred with Debtor's attorney regarding agreement on homestead exemption. Counsel for the Trustee met with Debtor's attorney regarding requesting documents on several open issues including Trust assets and personal property, such as Timeshare and jewelry, as well as receiving said documents. The Trustee has reviewed documents and prepared inventory lists on Debtors scheduled jewelry, and amended jewelry lists as well as the Motions to sell jewelry, and Motion to sell a scheduled Timeshare.

In connection with the above services, IFG Chtd. expended 13.60 hours, for which it seeks compensation in the amount of $3,264.00 for fees and reimbursement of expenses in the amount of $285.35. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 13.60 hours | $240.00 | $3,264.00 |
| TOTAL | 13.60 hours | | $3,264.00 |
| | | Expenses: | $ 285.35 |
| | | Total | $3,549.35 |

**Review & Objection to Claims/Closing Estate**

11. Counsel for the Trustee assembled and reconciled all schedules with the Bar Date and Claims Register, reviewed the designation of all claims, and assembled all documents to create a Final Report.

In connection with these services, IFG Chtd. expended 10.10 hours, for which it seeks $1,811.00 in fees and $80.00 in reimbursable expenses. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 1.20 hours | $240.00 | $ 288.00 |
| IFG | 4.60 hours | $275.00 | $1,265.00 |
| LP | 4.30 hours | $ 60.00 | $ 258.00 |
| TOTAL | 10.10 | | $1,811.00 |
| | | Expenses: | $ 80.00 |
| | | Total: | $1,891.00 |

**Review and Objections to Discharge**

12. Counsel for the Trustee reviewed Objection to Discharge which was filed by Chase Bank, as well as the review of all pleadings in the Objection to Discharge.

In connection with these services, IFG Chtd. expended 1.70 hours, for which it seeks $408.00 in fees and $0.00 in reimbursable expenses. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 1.70 hours | $245.00 | $408.00 |
| TOTAL | 1.70 hours | | $408.00 |
| | | Expenses: | $ 0.00 |
| | | Total: | $408.00 |

**Retention/ Compensation of Professionals**

13. Counsel for the Trustee prepared, reviewed and finalized the Counsel for the Trustee's interim fee petition, as well as accountant for the Trustee and attended all hearings on these motions. Counsel for the Trustee prepared, reviewed and finalized all Notices and Motions on the 2002, prepared all documents for mailing services as well as attended the Court hearings regarding this. In addition IFG Chtd. prepared the final fee petition for the attorneys and accountants.

In connection with the above services, IFG Chtd. expended 11.60 hours, for which it seeks compensation in the amount of $2,400.50 for fees and $155.63 in reimbursable expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 3.70 hours | $240.00 | $ 888.00 |
| IFG | 4.90 hours | $275.00 | $1,347.50 |
| RO | 1.50 hours | $ 50.00 | $ 75.00 |
| LP | 1.50 hours | $ 60.00 | $ 90.00 |
| TOTAL | 11.60 hours | | $2,556.13 |
| | | Expenses: | $ 155.63 |
| | | Total: | $3,310.32 |

**Routine Matters**

14. Counsel for the Trustee appeared in Court on Motions to Modify stay and reviewed correspondence on Turnover of Assets, reviewed Relief from Stay dealing with Estate Assets, researched law dealing with interests in Estate assets with Child Support and Alimony issues were involved. Counsel for the Trustee prepared 505 Determination letter for IRS as well as preparation for transmittal on those issues.

In connection with the above services, IFG Chtd. expended 5.30 hours, for which it seeks compensation in the amount of $1,310.50 for fees and $45.47 in reimbursable expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 4.20 hours | $240.00 | $1,008.00 |
| IFG | 1.10 hours | $275.00 | $ 302.50 |
| TOTAL | 5.30 hours | | $1,355.97 |
| | | Expenses: | $ 45.47 |
| | | Total: | $1,355.97 |

**Examination of Trust**

15. Counsel for the Trustee corresponded on legal direction to receive funds for Estate. IFG Chtd. held conference calls with Special Counsel in regards to Trust issues, as well as conference calls with Pendergast on Trustees position and creditors position on objection to claims on exemptions. Counsel to the Trustee performed research on generation skipping Trusts as well as Spendthrift Trusts and the exemptable assets in Bankruptcy. They reviewed requests for extensions of time and appeared in Court on hearings for extension requests. Counsel for the Trustee

reviewed objections to claims, reviewed all correspondence from Debtor and Crowley Lamb and all pleadings regarding Disbursements, Exemptions and Trust Assets.

In connection with the above services, IFG Chtd. expended 13.00 hours, for which it seeks compensation in the amount of $3,120.00 for fees and $00.00 in reimbursable expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 13.00 hours | $240.00 | $3,120.00 |
| TOTAL | 13.00 hours | | $3,120.00 |
| | | Expenses: | $ 00.00 |
| | | Total: | $3,120.00 |

## **CONCLUSION**

16. The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

17. IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

18. IFG Chtd. has filed a prior application for compensation and reimbursement of expenses in this case more than 180 days ago. Accordingly, pursuant to §330 of the Code, IFG Chtd. may present this application for final compensation.

19. IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

A. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of $12,314.00 for the actual, necessary and valuable professional services rendered to the Trustee during the period November 21, 2004 through March 27, 2009; and

B. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $566.45 incurred in connection with such services;

C. Finding the previous award of interim compensation in the amount of $17,851.00 for the actual, necessary and valuable professional services rendered to the Trustee, and the reimbursement for its actual and necessary expenses of $208.50 incurred in connection with such services; during the period July 20, 2004 through November 20, 2004 were necessary and are allowed as final compensation

D. For such other and further relief as this Court deems appropriate.

>Respectfully submitted by
>Law Offices of Ilene F. Goldstein, Chartered
>
>By:  /s/ Ilene F. Goldstein, Trustee
>       One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
850 Central Avenue, Suite 200
Highland Park, Illinois 60035
(847) 926-9595

## TIME SUMMARY BY INDIVIDUAL

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 37.40 hours | $240.00 | $8,976.00 |
| IFG | 10.60 hours | $275.00 | $2,915.00 |
| LP | 5.00 hours | $ 60.00 | $ 348.00 |
| RO | 1.50 hours | $ 50.00 | $ 75.00 |
| TOTAL: | 55.30 hours | | $12,314.00 |

## TIME SUMMARY BY CATEGORY

| | Fees | Expenses | Total Billed |
|---|---|---|---|
| Sale of Assets | $ 3,264.00 | $285.35 | $ 3,549.35 |
| Objections to Claims/Close Estate | $ 1,811.00 | $ 80.00 | $ 1,891.00 |
| Objection to Discharge | $ 408.00 | $ 00.00 | $ 408.00 |
| Retention/Compensation Of Professionals | $ 2,400.50 | $155.63 | $ 2,556.13 |
| Routine Matters | $ 1,310.50 | $ 45.47 | $ 1,355.97 |
| Examination of Trust | $ 3,120.00 | $ 00.00 | $ 3,120.00 |
| TOTAL | $12,314.00 | $566.45 | $12,880.45 |